(No. 3167—)

THOMAS J. WALSH, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The complaint in this case was filed on the 17th day of December, 1937. It alleges that claimant, on the 6th day of April, 1934, was employed as District Engineer of Materials, Public Works and Buildings, Division of Highways, and on said date while driving on U. S. Route No. 45, from Mattoon to Champaign, Illinois, on business of his employment, an automobile driven by Joe Groff of Olney, Illinois, ran into and collided with the automobile in which claimant was riding, striking the same with great force and violence and severely injuring the claimant.

The claimant further avers that at the time of the injury his salary amounted to the sum of Two Hundred Fifty ($250.00) Dollars per month. That as a result of said collision the claimant sustained a broken left femur, concussion of the brain, cuts, bruises and a severe puncture wound of the left ischis, when a splinter of wood was driven into the flesh, muscles, tendons and other parts of claimant's body.

The claimant further avers that after said accident he was taken from the scene thereof to the Methodist

Memorial Hospital at Mattoon, Illinois, where he was attended by Dr. B. H. Hardinger; that thereafter claimant was removed to the Paris Hospital, Paris, Illinois, where he was attended by Doctors F. M. Link and H. D. Junkin; that claimant remained there for approximately three months, after which he was removed to his home. Claimant returned to work on the 5th day of August, 1934, and remained so employed by respondent until October 1, 1933, when on account of his alleged aforesaid injuries he was compelled to enter the Paris Hospital where he was again operated upon. Claimant avers he became totally disabled thereafter for a period of one month.

The complaint further avers that on the 22nd day of November, 1936, he again became incapacitated because of said injuries and was compelled to and did enter the Presbyterian Hospital at Chicago, Illinois, where he was again operated upon by Dr. Vernon C. David, from which he claims total disability to January, 1937. He claims that as a result of said injury a fistulous tract developed which constantly drained and caused a running sore which necessitated claimant to receive medical attention from time to time and that he has been advised by various doctors and physicians that it may again become necessary for him to undergo further operations and that the said fistulous tract may gradually result in the total permanent disability of claimant and may even result in claimant's death.

It is admitted in the complaint that the following bills have been paid by the respondent on account of the said injury:

| | |
|---|---|
| Dr. R. Vernon David | $160.00 |
| Dr. B. H. Hardinger | 48.50 |
| Dr. Mary Lyons | 10.00 |
| Dr. H. Junkin | 275.00 |

| | |
|---|---:|
| Dr. F. M. Link............................................. | 269.50 |
| B. Thiel, Nurse........................................... | 385.00 |
| Meth. Memorial Hospital................................... | 32.00 |
| Paris Hospital ........................................... | 818.65 |
| Presbyterian Hospital .....:.............................. | 172.50 |
| J. H. Reed & Sons......................................... | 1.50 |
| Wm. A. Zieren............................................. | 17.50 |
| Rowe Drug Co.............................................. | 8.10 |
| Total ..............................................| $2,198.25 |

The claimant's salary was paid by respondent during all the time he was absent from his employment on account of said injury sustained according to the complaint.

Claimant seeks an award for all compensation which may hereafter become due him in accordance with the Workmen's Compensation Act, because of any partial or total disability which he may suffer at any time in the future as a result of an aggravation or "flare up" of his disability. He further seeks an award for all medical, surgical and hospital treatment which may become essential to relieve or cure an aggravation or "flare up" of his disability.

The complaint further shows that at the time of the injury claimant had two children under 16 years of age dependent upon him for support.

The record consists of the complaint and the report of R. T. Cash, District Engineer, Division of Highways.

On October 9, 1943, in response to a rule heretofore entered by this court in the above entitled cause, the respondent files a motion to strike for the reason that the complaint does not comply with Rule 4(a) and Rule 5(a) of this court.

From a reading of the complaint it is evident that this claimant suffered a severe injury the extent of which is undetermined by the record in this case.

Evidence must be taken on this claim to inform this court if this accident arose out of and in the course of the employment of claimant; if Section 24 of the Workmen's Compensation Act has been complied with; the nature and extent of claimant's injuries; the present physical condition of said claimant, and the earnings by claimant since this injury.

The complaint states that three operations were performed on claimant and that he was hospitalized in three different hospitals. The attending physician should file reports and the hospital record should be incorporated in this record.

The complaint above referred to does not comply with the two rules mentioned in said motion. And for that reason the motion must be sustained.

The claimant is given thirty days within which to amend his complaint, and if he declines or fails to so amend within this period this order of dismissal will become final as provided under Rule 31 of this court.